UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRON THOMAS,

                                 Petitioner,                   DECISION AND ORDER

-vs-

                                                                   22-CV-6501 (CJS)

JEFFREY SEARLS, in his
official capacity as Facility Director,
Buffalo Federal Detention Facility,[1]

                                 Respondent.
_____

INTRODUCTION

      Darron Thomas has been detained at the Buffalo Federal Detention Facility in the custody of U.S. Immigration and Customs Enforcement since June 25, 2022. Pet., 1, Nov. 10, 2022, ECF No. 1. He has filed *pro se* a 183-page petition pursuant to 28 U.S.C. § 2241 and several exhibits spanning several hundred more pages. Thomas seeks, among other things, a reconsideration of the Immigration Judge's unfavorable ruling in Thomas' removal proceedings. Pet. at ¶ 78. The matter is presently before the Court on Respondent's motion to dismiss, in which Respondent asks this Court to dismiss Thomas' petition without prejudice for failure to abide by Rule 8(a) of the Federal Rules of Civil Procedure, or, in the alternative, to require Petitioner to serve a more definite statement pursuant to Rule 12(e) and to strike the redundant, immaterial, impertinent, or scandalous portions of the pleadings pursuant to Rule 12(f). Resp. Mem. of Law, Dec. 27, 2022, ECF No. 6-1.

---

[1] *See Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004) (stating that the proper respondent in a federal habeas petition is generally "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). *See also, e.g., Gutierrez v. Barr*, No. 20-CV-6078-FPG, 2020 WL 2059845, at *3 (W.D.N.Y. Apr. 29, 2020) ("[T]he only proper respondent is Jeffrey Searls, Officer in Charge at the Buffalo Federal Detention Facility . . . .").

1

For the reasons that follow, Respondent's motion [ECF No. 6] is granted, Thomas' petition [ECF No. 1] is dismissed without prejudice, and Thomas shall file and serve an amended petition within 30 days of the date of this order that clarifies the relief that Thomas is seeking and the grounds upon which he believes he is entitled to that relief. The petition must be consistent with the "short and plain statements" requirement of Rule 8(a) of the Federal Rules of Civil Procedure. In amending his petition, Thomas is granted leave to address the change in his detention status indicated by Respondent in its April 25, 2023 letter [ECF No. 23].

BACKGROUND[2]

As set forth in the "Warrant for Arrest of Alien" included in Thomas' papers, Thomas entered the United States from Jamaica through the John F. Kennedy International Airport on August 29, 2020 with a B2 Visa authorizing him to remain in the United States only until February 28, 2021. App'x A, 45, Nov. 21, 2022, ECF No. 3-5. He was arrested on September 28, 2021 by the United States Marshals Service in Philadelphia, Pennsylvania for assaulting a federal officer. *Id.* He was convicted in April 2022 and sentenced to time served. *Id.* On April 25, 2022, Thomas was turned over to Immigration and Customs Enforcement ("ICE") for immigration processing. *Id.* at 44. He was charged with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act, and faced removal proceedings. *Id.*

On June 25, 2022, Thomas was apparently transferred to the Buffalo Federal Detention Facility ("BFDF"). Pet. at 1. It is clear from his papers that, while at BFDF, an Immigration Judge ("IJ") found Thomas to be removeable, and he appears to be

---

[2] Consistent with 28 U.S.C. § 2243 through § 2247, courts hearing an application under § 2241 may consider affidavits and documentary evidence such as records from any underlying proceeding. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

challenging that finding in a number of different venues, including through the petition presently before the Court.

The government's summary of Thomas' voluminous petition provides a helpful snapshot into the wide variety of issues Thomas raises:

> [Thomas] seems to allege that he is a "'grandfathered alien' immune from removability", which would constitute a direct challenge to his removal proceedings . . . .
>
> Petitioner also appears to allege that he has "a 'colorable claim' to LPR [lawful permanent resident] status" . . . .
>
> A third allegation Petitioner raises is that he has a "a legitimate & non-frivolous claim to . . .", and the rest of the sentence is not intelligible. Pet. at pg. 1.
>
> Lastly, claim four alleges that Petitioner is "detained under 8 U.S.C. § 1226(a) without the appropriate procedural safeguards of *Onosamba-Ohindo v. Barr*." *Id* . . . .
>
> Pages 4 through 13 of the Petition then appear to be a table of contents, after which the next page is labeled "114". Pet. at pgs. 4-14. This page numbering appears to indicate that the beginning of the document at page 14 in the Petition (numbered 114) starts with handwritten pages in what is now called Appendix B, ECF No. 3-7, at pg. 208 (internally [n]umbered page i) and ends at internal page number 113, which would appear to be the lead in to the document which begins at page 114 in the Petition. Page i of Appendix B (ECF No. 3-6, pg. 210) appears to be entitled "Petition For Writ of Habeas Corpus: Federal District Court For the Western District of New York (WDNY); Circuit Court for the 2nd Circuit (CA2); Circuit Court for the Third Circuit (CA3); &/or The Supreme Court of the United States (SCOTUS)". This so-called petition appears to include other forms of relief not requested in Petitioner's document entitled "Petition", including:
>
> - A request for a bond hearing (ECF No. 3-6 at pg. 210);
> - A holding that 8 U.S.C. § 1226(a) is unconstitutional (Id. at pg. 211);
> - A finding that Petitioner's detention is in violation of the Eighth Amendment (id.);
> - A finding that 8 C.F.R. § 1236-1(c)(8) is unconstitutional (id.);
> - A finding that 8 U.S.C. § 1227(A)(1)(B) is unconstitutional (id.);
> - Administrative closure (ECF No. 3-6 at pg. 212);
> - An order declaring and finding that any and all attempts to exhaust

administrative procedures is or would be futile (id. at pg. 215); and,
- A finding that Petitioner is making a legitimate and non-frivolous citizenship claim (id.).

This petition seeks relief, including:

- A finding that DHS/ICE engaged in an abuse of process;
- A declaratory order that DHS/ICE violated the APA; and,
- A declaratory order that DHS/ICE violated various persons' First, Fourth, and/or Fifth Amendment rights.

ECF 3-7 at pg. 257.

The next document is entitled "Appendix to WDNY Habeas Corpus Petition & Response to DHS's Opposition to MCCLPR (AHCPRDOM)" which also lists "Causes of Action", which include a conspiracy involving obstruction of justice, violation of the Due Process Clause of the Fifth Amendment, violation of the First Amendment by restricting access to courts, discrimination on the basis of nationality, violation of the First Amendment by restricting access to mail, violation of ICE's National Detainee Handbook, and unlawful detention in violation of the Fourth Amendment and the Fifth Amendment. ECF No 3-7, at pgs. 321-322.

This document also includes another list of "Relief Sought", which is more difficult to read than other pages submitted, but seems to seek:

- Audio recordings from all of Petitioner's immigration court proceedings;
- The date, time, and place of, and remote access to, all future immigration court proceedings and the allowance of family and friends to attend;
- Petitioner's immediate release from ICE custody;
- Orders preventing retaliation against Petitioner;
- Changes to the mailing system at the Buffalo Federal Detention System; and,
- The elimination of nationality-based discrimination.

ECF No. 3-7 at pg. 323. . . . .

Proceeding according to Petitioner's pagination, the document submitted as the Petition includes additional relief sought at ECF-page 159 (internal page 260). Initially, relief is sought from the immigration court, and is immaterial to this proceeding. ECF No. 3-1 at pgs. 159-161. Relief is also sought from Article III courts, including:

- All of the relief sought in the MCCLPR, the "PFW…" and the AHCPRDOM;

4

> - A preliminary injunction or restraining order barring Immigration Judge Driscoll from overseeing any other removal proceedings until an appropriate judicial disciplinary panel or committee determines if he is competent and has the credibility or character to continue as an immigration judge;
>
> - An order requiring the Buffalo Federal Detention Facility to ensure there are 5-10 computers available for detainee use within each housing unit, and that each computer is fully equipped with the Microsoft Word suite of products;
> - An order requiring DHS to ensure that all computers accessible by detainees at any of its detention facilities allow detainees to access their alien files as easily as someone who is not detained;
> - An order requiring DHS to give detainees appearing pro se more time out of their cells;
> - An order requiring DHS to "lock in" detainees for no longer than 8-10 hours per day;
> - An order requiring that detainees be given computer access "log-ins" and passwords in similar fashion as is used to obtain a Gmail email account;
> - An order barring DHS from confiscating any item acquired at another DHS detention facility when the detainee is transferred between DHS facilities;
> - An order requiring DHS to ensure availability of USB flash drives for purchase by detainees;
> - An order requiring DHS to ensure same-day photocopying, same-day overnight purchase of stamps and money orders for court, and removal of other impediments which delay preparation and mailing of court documents;
> - An order granting relief similar to that granted in various other cases cited by Petitioner; and - Monetary compensation.
>
> Pet., ECF No. 3-1 at pgs. 165-168.

Resp. Mem. of Law at 3–6.

Because of the broad scope of Thomas' petition, Respondent filed a motion to dismiss for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, or alternatively for a more definite statement under Rule 12(e) and to strike the redundant, immaterial, and scandalous material under Rule 12(f). Resp., ECF No. 6. Thomas responded by filing hundreds of pages of additional materials. *See, e.g.,* Resp. to Mot., Jan. 11, 2023, ECF No. 9 (234 pages, including appendices); App'x F Tab 170, Jan. 27, 2023, ECF No. 11 (337 pages); App'x F, Tab 163, Feb. 2, 2023, ECF No. 12 (198 pages).

LEGAL PRINCIPLES

Because Thomas is proceeding *pro se*, this Court holds his submissions "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, Federal Rule of Civil Procedure 8(a)(2) requires that pleadings must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). The function of this rule is to give the opposing party fair notice of the claim asserted. *Id*. "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d Cir. 1995) (quoting 2A Moore's Federal Practice ¶ 8.13, at 8–58 (2d ed. 1994)).

When a complaint fails to comply with the Rule 8 pleading requirements, courts have a few options. Specifically,

> . . . the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial [under Rule 12(f)]. *See Salahuddin v. Cuomo*, 861 F.2d [40, 42 (2d Cir.1988)]. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id*. Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous.

*Simmons*, 49 F.3d at 86–87.

Alternatively, Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See Swierkiewicz*, 534 U.S. at 514 ("If a pleading fails to specify the

allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

## DISCUSSION

In the present case, there can be no doubt that Thomas' petition for habeas relief fails to comply with Rule 8's "short and plain statement" requirement. The petition itself runs 183 pages, with five appendices that add over 1,000 more pages. *See* ECF Nos. 1 through 1-6, and 2 through 2-3. Further, Thomas has filed several other exhibits, which together add hundreds more pages, some of which are unique, and others of which are redundant with previous submissions. Given the sheer volume of Thomas' submissions, not to mention the ambiguity of many of his claims, it would be impractical for the Court to work through a statement-by-statement analysis of his petition to strike some claims and allow others to proceed.

In addition, there are significant substantive issues with several of Thomas' claims. Under 28 U.S.C. § 2241(c)(3), this Court has jurisdiction to consider "purely legal statutory and constitutional claims" in habeas petitions from aliens who claim they are being held "in violation of the Constitution or laws or treaties of the United States." *Rajesh v. Barr*, 420 F. Supp.3d 78, 82 (W.D.N.Y. 2019). However, "[t]he REAL ID Act of 2005 . . . amended the Immigration and Nationality Act ("INA") to provide that petitions for review filed in the appropriate Courts of Appeals were to be the 'sole and exclusive means for judicial review' of final orders of removal" issued by an IJ. *Rajesh*, 420 F. Supp.3d at 82 (quoting *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 113 (2d Cir. 2008); 8 U.S.C. § 1252(a)(5)). Consequently, district courts have no jurisdiction to review habeas petitions challenging final orders of removal, which are properly filed with the circuit court of appeals. *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615–16 (2d Cir. 2007).

Here, Thomas' petition appears to be a mix of challenges to the IJ's (and, now,

the BIA's) discretionary decision regarding Thomas' removal status that this Court is precluded from considering, and constitutional or statutory arguments that may be cognizable in a habeas proceeding. For instance, in a recent filing in response to the government's notice that the Board of Immigration Appeals (BIA) upheld the IJ's order of removal, Thomas presents arguments regarding the substance of the BIA's discretionary ruling, as well as "conditions of confinement [that] violate multiple constitutional rights . . . ." "Cover Sheet," 2, May 17, 2023, ECF No. 26. Similarly, his petition and original appendices argue both that the IJ's decision was improper, but also that Thomas is being denied due process while being detained. ECF No. 3-7 at pg. 323.

Accordingly, Thomas' pending motion to hold Respondent's motion to dismiss in abeyance [ECF No. 13] is denied. Respondent's motion to dismiss Thomas' petition without prejudice [ECF No. 6] is granted, and Thomas shall file an amended petition within 30 days of this Order. Failure to file an amended petition within that 30–day period may result in the dismissal of all claims. *See Ekberg v. City of Burlington*, No. 1:08-CV-219, 2009 WL 281140, at *2 (D. Vt. Feb. 5, 2009).

## V. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED, that Petitioner's motion for abeyance [ECF No. 13] is denied; and it is further

ORDERED that Respondent Jeffrey Searls' motion to dismiss [ECF No. 6] is granted; and it is further

ORDERED, that Petitioner's application for habeas relief [ECF No. 1] is dismissed without prejudice; and it is further

ORDERED that Petitioner's motion to withdraw his reply to response [ECF No. 19] is granted; and it is further

ORDERED that Petitioner shall file an amended petition, consistent with this decision and order, within 30 days of the date of this Order.

SO ORDERED.

Dated: May 23, 2023
       Rochester, New York

ENTER:

*Charles J. Siragusa*
_____
CHARLES J. SIRAGUSA
United States District Judge